UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**JAMES D. HILTON,**

                                **Plaintiff,**

   vs.                                                     9:23-CV-209
                                                                  (MAD/CFH)

**JUSTIN MAHAN,** *et al.*,

                                **Defendants.**

---

**APPEARANCES:**                                   **OF COUNSEL:**

**JAMES D. HILTON**
16-A-4943
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **OLIVIA R. COX, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff, an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action on February 3, 2023, pursuant to 42 U.S.C. § 1983, alleging that Defendants Justin Mahan, Andrew McDonald, Bryan Mason, Matthew LaFountain, Eugene Raimo, Jr., John Does #1-10, and Jane Does #1-2, violated his constitutional rights under the Eighth Amendment. *See* Dkt. No. 1. Generally, Plaintiff's claims relate to a use of force incident that occurred on June 21, 2022, when Defendants and other officers entered Plaintiff's cell and allegedly assaulted him. Upon initial

review, the Court determined that Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Defendants Mahan, McDonald, Mason, LaFountain, Ramos, and John Does #1-3 survived *sua sponte* review. *See* Dkt. No. 7 at 9.

On May 24, 2023, Defendants moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 14. Plaintiff opposed the motion and subsequently filed a letter requesting that perjury charges be brought against Alexandria Cutler, the Inmate Grievance Program ("IGP") Supervisor at Great Meadow Correctional Facility ("Great Meadow C.F."). *See* Dkt. No. 41. On December 8, 2023, Plaintiff also filed a motion to amend his complaint, as well as a request pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), requesting assistance in identifying the John and Jane Doe defendants. *See* Dkt. Nos. 43 & 43-1. Also, on August 14, 2023, Plaintiff filed a document which has been labeled as a motion for a preliminary injunction, in which Plaintiff generally claims about "mail tampering" that has been occurring at Great Meadow C.F. *See* Dkt. No. 32.

In a February 29, 2024 Report-Recommendation and Order, Magistrate Judge Hummel recommended that Defendants' motion for summary judgment be denied, Plaintiff's request for perjury charges be denied, and Plaintiff's motion to amend be granted in part and denied in part. *See* Dkt. No. 49. Neither party objected to Magistrate Judge Hummel's Report-Recommendation and Order.

## II. BACKGROUND

For a complete recitation of the relevant background, the Court refers the parties to Magistrate Judge Hummel's February 29, 2024 Report-Recommendation and Order.

## III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to

3

evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v.*

*Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

## B.    Defendants' Motion for Summary Judgment

In their motion for summary judgment, Defendants contend that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 14-10 at 8-9. Specifically, Defendants allege that Plaintiff never filed a timely grievance in relation to his allegations. *See id.* at 8. Defendants acknowledge that Plaintiff filed a separate grievance on August 24, 2022, alleging that he attempted to file a grievance dated June 29, 2022 related to the allegations in this lawsuit, but he allegedly failed to receive a response. *See id.* This separate August 24, 2022 grievance was deemed untimely and returned to Plaintiff, since it was received past the twenty-one and forty-five day deadlines set forth in Directive 4040. *See id.* Defendants contend that had Plaintiff truly filed, or attempted to file, a grievance on June 29, 2022 related to the June 21, 2022 allegations, a Superintendent's response would have been due on or before July 24, 2022. *See id.* Defendants argue that after that date, had Plaintiff not received a response, he would be obligated to appeal the non-response to the CORC to properly exhaust his administrative remedies, yet Plaintiff filed no such appeal. *See id.* at 8-9.

In response, Plaintiff contends that he fully exhausted his administrative remedies because he filed a grievance related to the alleged June 21, 2022 incident on June 29, 2022. *See* Dkt. No. 1 at 5. Plaintiff specifically alleges that he submitted the grievance, "while being housed in the [SHU]," "to the officer in charge of disbursing any and all correspondence to their designated destinations," but he never received a response. *See* Dkt. No. 22 at 15. Plaintiff claims that the "IGRC never responded to [his] original grievance," so he did not "have to file an appeal." *Id.* at 17.

5

As Magistrate Judge Hummel correctly determined, however, Plaintiff was required appeal the non-response by the IGRC to satisfy the exhaustion requirement. To satisfy the PLRA's exhaustion requirement, "any failure by the IGRC or the superintendent to timely respond to a grievance or first-level appeal, respectively, can – and must – be appealed to the next level, including [the] CORC." *Murray v. Palmer*, No. 9:03-cv-1010, 2010 WL 1235591, *2 (N.D.N.Y. Mar. 31, 2010); *see also* 7 N.Y.C.R.R. § 701.6(g). Therefore, accepting as true for purposes of this motion that Plaintiff timely filed a complaint with the IGRC, he still failed to timely file an appeal of this grievance to the CORC when he failed to receive a response. Without filing such an appeal, Plaintiff has not satisfied the PLRA's exhaustion requirements. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Since Defendants met their burden of demonstrating that a grievance procedure existed and that Plaintiff failed to exhaust administrative remedies, the Court must determine whether administrative remedies were available to Plaintiff.

As Magistrate Judge Hummel correctly noted, before the Court is "a clash of sworn statements" where "Plaintiff attested that he gave his grievance to a correction officer, ... and [Defendants] submitted sworn statements from inmate grievance program supervisors indicating that a review of their records revealed that no grievance was filed." *Hudson v. Kirkey*, No. 20-cv-581, 2021 WL 1966721, *3 (N.D.N.Y. May 17, 2021). "To the extent that these statements are in contradiction, the Court cannot resolve this contradiction at the summary judgment stage, because the Court is prohibited from making credibility determinations." *Id.* (citation omitted).

Moreover, the Second Circuit has held that when a grievance goes unfiled and unanswered, "the process to appeal ... is prohibitively opaque, such that no inmate could actually make use of it." *Williams v. Correction Officer Priatno*, 829 F.3d 118, 126 (2d Cir. 2016). "Following *Williams*, this Court has denied a defendant's motion for summary judgment when

faced with an unanswered and unfiled grievance drafted in SHU." *Stephanski v. Allen*, No. 9:18-cv-76, 2020 WL 806331, *8 (N.D.N.Y. Jan. 22, 2020) (citation omitted); *see also Maldonado v. Mandalaywala*, No. 9:17-cv-1303, 2020 WL 1159426, *17 (N.D.N.Y. Feb. 12, 2020).

Accordingly, the Court finds that Magistrate Judge Hummel correctly determined that the Court must deny Defendants' motion for summary judgment at this time and "holding a hearing, at which a fact-finder can assess the credibility of witnesses and the relative weight of the evidence the parties present" to determine whether Plaintiff exhausted his administrative remedies or if the administrative remedies were unavailable. *See Hudson*, 2021 WL 1966721, at *4. As such, Defendants' motion for summary judgment is denied without prejudice to renew upon completion of the exhaustion hearing.

**C.     Plaintiff's Motion for Perjury Charges**

In a letter received on November 13, 2023, Plaintiff claims that IGP Supervisor Alexandria Cutler "has perjured herself before this court" and "request[s] that [the Court] recommend charge(s) of perjury against her[.]" Dkt. No. 41 at 1. Plaintiff argues that IGP Supervisor Cutler committed the "crime of perjury" in her declaration that is attached to Defendants' motion for summary judgment by falsely statement that "'Plaintiff never filed a facility-level grievance at Great Meadow C.F. relating to the June 21, 2022 incident at Great Meadow C.F.'" *Id.* (quoting Dkt. No. 14-5 at ¶ 17).

As Magistrate Judge Hummel correctly determined, this motion must be denied. *See* Dkt. No. 49 at 19. [A] private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual." *McCrary v. Cnty. of Nassau*, 493 F. Supp. 2d 581, 591 (E.D.N.Y. 2007) (citations omitted). Since the decision whether to commence

a criminal prosecution is a matter of prosecutorial discretion, which is generally not subject to judicial review, Plaintiff's motion must be denied.

**D.     Letter Motion**

In a letter filed on August 14, 2023, Plaintiff contends that his mail is being "tempered" with by staff at Great Meadow C.F. and the Comstock Post Office *See* Dkt. No. 32 at 1-4. Generally, Plaintiff points to discrepancies between when the Court and the Attorney General's Office receives his mail, noting that, despite the fact that he places items in the mail on the same day, the Attorney General's Office will generally receive the items several days before the Court. *See id.*

While it is not entirely clear what relief Plaintiff is seeking in this letter submission, to the extent that Plaintiff is attempting to assert that non-parties are interfering with his mail, any such request for relief must be denied. Insofar as Plaintiff seeks injunctive relief against non-parties, such relief is only available against non-parties in very limited circumstances, none of which are present here. *See Bradshaw v. Marshal*, No. 9:21-cv-826, 2021 WL 5822538, *4 (N.D.N.Y. Dec. 8, 2021) (citing cases). Additionally, Plaintiff has failed to demonstrate that any alleged mail tampering has interfered with his ability to prosecute this case, which would be fatal to a claim of denial of access to the courts. *See Jones v. Sullivan*, No. 9:19-cv-25, 2020 WL 6529236, *7 (N.D.N.Y. June 5, 2020) (citations omitted).

Accordingly, Plaintiff's letter motion is denied.

**E.     Motion to Amend**

Plaintiff has moved to amend his complaint. *See* Dkt. No. 43. Defendants contend that the motion should be denied in its entirety because Plaintiff failed to comply with the Local Rules

8

and Plaintiff "fail[ed] to assert any new facts relative to the incident and attempts to bring claims that are facially defective, rendering [his] Motion to Amend futile." Dkt. No. 48 at 2.

As Magistrate Judge Hummel noted, Plaintiff's proposed amended complaint generally asserts the same facts and circumstances as those included in his original complaint, except that Plaintiff has removed some of the allegations concerning the previously-dismissed claims and terminated Defendants, added allegations to support new claims, and added new Defendants. *See* Dkt. No. 43-1. Specifically, Plaintiff proposes the following individuals and entities to be added as Defendants in this action: the State of New York, DOCCS, Dennis W. Bradford, Armand S. Caringi, Eugene Raimo, Jr., Alexandra Cutler, and John Does # 1-20. *See id.* at 2-3, 22-23; *see also* Dkt. No. 43 at 6-9.

Upon review, the Court agrees with Magistrate Judge Hummel that the motion to amend the complaint should be granted in part and denied in part. Initially, the Court notes that Magistrate Judge Hummel correctly concluded that, despite the fact that Plaintiff failed to fully comply with the Local Rules in that he failed to include a memorandum of law, affidavit, or a notice of motion with his proposed amended complaint, given his *pro se* status, Plaintiff's motion should still be considered on the merits. *See Barnes v. Annucci*, No. 9:19-cv-109, 2019 WL 1512799, *20 n.16 (N.D.N.Y. Apr. 8, 2019). Similarly, Magistrate Judge Hummel also correctly determined that Plaintiff should not be denied leave to amend because of undue delay, bad faith, and undue prejudice. *See Nat'l Rifle Ass'n of Am. v. Cuomo*, 480 F. Supp. 3d 404, 413 (N.D.N.Y. 2020) (citations omitted).

### 1. Excessive Force

As noted above, on initial review, the Court determined that Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Defendants Mahan, McDonald, Mason,

9

Raimo, LaFountain, and John Does #1-3 survived *sua sponte* review. *See* Dkt. No. 7 at 14. In his proposed amended complaint, Plaintiff seeks to add more details about the alleged June 21, 2022 incidents, as well as to add new Defendants. *See* Dkt. No. 43-1. As Magistrate Judge Hummel concluded, Plaintiff's excessive force allegations against Mahan, John Doe #2, McDonald, LaFrance, Mason, Raimo, LaFountain, and John Does #7-10 are nearly identical to the allegations set forth in the original complaint. To the extent that Plaintiff's allegations include new Defendants, including the John Doe Defendants, these allegations are sufficiently pled and arise out of the same set of facts and circumstances involving Plaintiff's original excessive force claims, and will involve common questions of law and fact. *See Zielinski v. Annucci*, No. 9:17-cv-1042, 2019 WL 2870337, *8 (N.D.N.Y. Mar. 19, 2019). Therefore, Plaintiff's motion to amend is granted with respect to his Eighth Amendment excessive force claims against Defendants Mahan, John Doe #2, McDonald, LaFrance, Mason, Raimo, LaFountain, and John Does #7-10.

### 2. Failure to Intervene

As to Plaintiff's failure to intervene claim, during its initial review, the Court permitted the claim to proceed against Defendant Mahan, McDonald, Mason, LaFountain, Raimo, and John Does #1-3. *See* Dkt. No. 7 at 9. However, the Court also determined that Plaintiff failed to allege "facts suggesting that [some of the John Doe] defendants were personally involved in the alleged assault or that [they] had a realistic opportunity to prevent any assault." *Id.* at 9-10. The Court specifically noted that "[a]llegations that defendants' 'did nothing,' without specifying that any particular individual acted with deliberate indifference, do not meet pleading requirements." *Id.* (quotation omitted). In his proposed amended complaint, Plaintiff seeks to renew his failure-to-

intervene allegations, including additional facts regarding individuals that were previously dismissed.

As Magistrate Judge Hummel correctly determined, Plaintiff's proposed amended complaint alleges sufficient facts to require a response from Defendants LaFountain, John Does #7-10, and John Does #19-20, to Plaintiff's failure to intervene claims; and, therefore, Plaintiff's motion to amend is granted in part as to these claims.  However, Plaintiff alleges no facts to plausibly suggest that John Does #11-18 were actually present during the alleged use of excessive force and, therefore, there is nothing to plausibly suggest that these Defendants could have intervened to stop the alleged assault.  *See Lewis*, 2014 WL 12992759, at *3.  As such, Magistrate Judge Hummel correctly determined that Plaintiff's motion to amend should be denied in part regarding his failure-to-intervene claims against John Does #11-18.

### *3. Deliberate Medical Indifference*

In his proposed amended complaint, Plaintiff alleges that when he, Raimo, LaFountain, and John Does #7-10 were inside the examination room, "one of these Defendants closed the door and by this affirmative action, prevented any medical service providers from entering the room to attend to Plaintiff's serious injuries, demonstrating blatant deliberate indifference to [his] serious medical needs." Dkt. No. 43-1 at 12.  As Magistrate Judge Hummel correctly determined, Plaintiff does not explain how closing the door prevented him from accessing medical treatment and, in his original complaint, Plaintiff acknowledges that he was treated by a physician's assistant, who ordered X-rays and CAT scans.  Nor does Plaintiff explain how closing the door "needlessly prolonged" or "caused extreme pain or exacerbated" his injuries.  *See Ferguson v. Cai*, No. 11-cv-6181, 2012 WL 2865474, *4 (S.D.N.Y. July 12, 2012) ("Where temporary delays or interruptions in the provision of medical treatment have been found to satisfy the objective

seriousness requirement in this Circuit, they have involved either a needlessly prolonged period of delay, or a delay which caused extreme pain or exacerbated a serious illness") (citing *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)).  Morever, Plaintiff's proposed amended complaint fails to specify which Defendant took the "affirmative action" and "closed the door" to the examination room.  *See* Dkt. No. 43-1 at 12.  Plaintiff also does not explain that, if one Defendant closed the door, how the rest of the Defendants in the room exhibited deliberate medical indifference.  *See Leneau v. Ponte*, No. 16-cv-776, 2018 WL 566456, *15 (S.N.D.Y. Jan. 25, 2018).  As such, the Court finds that Magistrate Judge Hummel correctly determined that Plaintiff's motion to amend to add deliberate indifference claims against Defendant Raimo, LaFountain, and John Does #7-10 must be denied.

    *4. Fourteenth Amendment Equal Protection*

In his proposed amended complaint, Plaintiff claims that he was discriminated against on account of his race in violation of the Fourteenth Amendment Equal Protection clause.  *See* Dkt. No. 43-1 at 3-5.  Specifically, Plaintiff alleges that Defendant McDonald targeted him – and then Defendants Mahan, John Doe #2, McDonald, LaFrance, and Mason assaulted him – for being a "white guy." *Id.* at 4.  Plaintiff believes that "these officers were targeting a 'white guy' for a beating, in order to counter any claims that the [search] operation being carried out [at Great Meadow C.F.] was racially motivated against African-Americans as retaliation for [a previous] incident in the [recreation] yard." *Id.*

As Magistrate Judge Hummel correctly determined, Plaintiff's proposed amended complaint fails to include any facts plausibly suggesting that similarly situated prisoners were treated differently than him, thereby giving rise to an inference that he was intentionally singled out by Defendants.  *See Thomas v. Pingotti*, No. 9:17-cv-300, 2017 WL 3913018, *7 (N.D.N.Y.

Sept. 6, 2017). Specifically, Plaintiff has failed to allege any other inmates with similar characteristics who were treated differently under the same circumstances. *See Shakur v. Sieminski*, No. 3:07-cv-1239, 2009 WL 2151174, *8 (D. Conn. July 15, 2009).

Accordingly, the Court finds that Plaintiff's motion to amend must be denied to the extent that he seeks to assert a Fourteenth Amendment Equal Protection claim against Defendant Raimo, LaFountain, and John Does #7-10.

### 5. *Fourteenth Amendment Due Process*

In his proposed amended complaint, Plaintiff alleges that Defendants Mahan, McDonald, and John Doe #19 field a false misbehavior report against him in relation to the alleged incidents on June 21, 2022. *See* Dkt. No. 43-1 at 10-11. As Magistrate Judge Hummel correctly determined, Plaintiff fails to support this claim with detailed factual allegations. Specifically, Plaintiff "failed to set forth any facts to support the claim that [these Defendants] acted with retaliation" in filing their misbehavior reports. *See Crenshaw v. Hartman*, 681 F. Supp. 2d 412, 417 (W.D.N.Y. 2010).

Accordingly, the Court denies Plaintiff's motion to amend his complaint to add a due process claim against Defendants Mahan, McDonald, and John Doe #19.

### 6. *First Amendment Access to the Courts*

In his proposed amended complaint, Plaintiff contends that IGP Supervisor Cutler "deliberate[ly] obstruct[ed] ... Plaintiff's engagement in the grievance process" regarding the alleged June 21, 2022, incident in efforts to "protect" her "fellow employees from accountability" for engaging in unconstitutional conduct. *See* Dkt. No. 43-1 at 15-16. As Magistrate Judge Hummel correctly determined, this claim is futile because "such claims are available only if a judicial remedy was 'completely foreclosed' by the alleged cover-up." *Sousa v. Marquez*, 702 F.3d

13

124, 128 (2d Cir. 2012) (quotation omitted).  Plaintiff's claims are clearly not foreclosed as he is bringing them in this very action and he has not argued that any other claims have been foreclosed.  *See Tavares v. N.Y.C. Health & Hosps. Corp.*, No. 13-cv-3148, 2015 WL 158863, *7-8 (S.D.N.Y. Jan. 13, 2015).  Additionally, to the extent that Plaintiff is attempting to allege that IGP Supervisor Cutler is liable for overseeing an "unlawful" inmate grievance program, the claim also fails because "inmates have no constitutional right to file a grievance.  *See Mitchell v. N.Y.S. Dep't of Corr. Servs.*, No. 6:06-cv-6278, 2012 WL 6204205, *3 (W.D.N.Y. Dec. 12, 2012). Finally, Magistrate Judge Hummel also correctly concluded that the addition of Cutler as a new defendant in this case would not be proper, as Plaintiff's access to the courts claim does not present a question of law or fact common to the existing claims.

Accordingly, the Court denies Plaintiff's motion to amend insofar as he is seeking to add an access to the courts claim against IGP Supervisor Cutler.

### 7. Claims Against New York and DOCCS

Plaintiff has also attempted to add the State of New York and DOCCS as Defendants in this case.  As Magistrate Judge Hummel correctly determined, Plaintiff's motion to amend the complaint to add DOCCS, the State of New York, and any claims against the individual Defendants in their official capacities must be denied because such claims are precluded by the Eleventh Amendment.  *See Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 252 (2011); *see also Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993).

### 8. Claims Against Bradford and Caringi

Plaintiff alleges that Bradford and Caringi "personally caused [Plaintiff] injuries by being deliberately or consciously indifferent to the rights of others in failing to properly recruit, screen, hire, supervise, and train their subordinate employees," which "were the proximate cause of the

constitutional injuries suffered by Plaintiff." Dkt. No. 43-1 at 11.  However, as the Court noted in its initial review of Plaintiff's original complaint, such conclusory allegations are insufficient to plausibly allege that Caringi or Bradford created a policy or custom under which the assault occurred, or acted grossly negligent in supervising subordinates.  *See Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009).  Accordingly, the Court finds that Plaintiff's motion to amend must be denied insofar as he is seeking to add claims against Bradford and Caringi.

**F.** *Valentin* **Request**

Plaintiff has submitted a request pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), requesting that the Court "assist [him] with the identification of the ... John Doe Defendants" named in the proposed amended complaint.  *See* Dkt. No. 43 at 3, 5.  Plaintiff's request is granted.  The Court hereby requests that the New York State Attorney General's Office, through counsel for Defendants Mahan, McDonald, Mason, LaFountain, and Raimo, attempt to ascertain the full names of John Does #2, 7-10, 19-20.  The Court also requests that the Attorney General's Office, to the extent that it is able to identify any of the John Doe Defendants, provide the addresses where the Defendant(s) so identified can currently be served, in accordance with *Valentin*.

### IV. CONCLUSION

After carefully reviewing Magistrate Judge Hummel's Report-Recommendation and Order, and the entire record in this matter, the Court hereby

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 14) is **DENIED without prejudice** to renew upon completion of the exhaustion hearing; and the Court further

**ORDERS** that the Clerk of the Court shall schedule this matter for an exhaustion hearing at the parties' earliest convenience; and the Court further

**ORDERS** that Plaintiff's request for perjury charges (Dkt. No. 41) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's letter motion seeking injunctive relief (Dkt. No. 32) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to amend the complaint (Dkt. No. 43) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's motion to amend is **GRANTED in part** insofar as the amended complaint asserts Eighth Amendment excessive force claims against Mahan, John Doe #2, McDonald, LaFrance, Mason, Raimo, LaFountain, and John Does #7-10, as well as Eighth Amendment failure-to-intervene claims against LaFountain, and John Does # 7-10, 19-20; and the Court further

**ORDERS** that Plaintiff's motion to amend is otherwise **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall docket the proposed amended complaint (Dkt. No. 43-1) as the operative pleading in this matter; and the Court further

**ORDERS** that the Clerk of the Court shall revise the docket to reflect that Mahan, John Doe #2, McDonald, LaFrance, Mason, Raimo, LaFountain, and John Does #7-10, 19-20 are Defendants in this matter; and the Court further

**ORDERS** that the Clerk of the Court shall issue summons and forward them, along with a copy of the amended complaint, to the United States Marshals Service for service of process on all named Defendants; and the Court further

**ORDERS** that Defendants answer deadline is **STAYED** pending the outcome of the exhaustion hearing; and the Court further

**ORDERS** that the New York State Attorney General's Office shall make all reasonable efforts to identify the John Doe Defendants within **THIRTY (30) DAYS** of the filing date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge